In the Matter of Louis H. Pink, as Superintendent of Insurance of the State of New York, Respondent; Joseph P. Day et al., as Trustees, Appellants.—

Assuming, without deciding, that the opinion filed by the Special Term was in effect a decision and that the order entered thereon was in effect an interlocutory judgment, we discern no variance between the order sought to be resettled and the opinion decision. In this view we are in agreement with the Special Term. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.

Edwin R. LaVin, Appellant, v. Russell C. LaVin et al., Respondents.—

No opinion. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.

James E. Malone, Respondent, v. Frank Kahnert, Defendant, and Ludwina Kahnert, Appellant.—

The affidavits and the exhibits attached thereto show that many disputed questions of fact are present and must be disposed of at a trial and not summarily. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.

Irene E. Meyers, as Guardian ad Litem of William H. Meyers, Appellant, v. Mary M. Campbell et al., as Executors of Catherine Meyers, Deceased, Respondents.—

No opinion. Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.

Jennie Mugman et al., Appellants, v. Brooklyn and Queens Transit Corporation et al., Respondents.—

Even though there was negligence on the part of the operator of the automobile or the motorman of the trolley and the plaintiffs were free from contributory negligence, and although the jury was instructed to find negligence on the part of either defendant, a question of fact was presented to the jury as to whether or not personal injuries had been sustained by reason of such negligence. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ.